# Phillips *et al. v.* Chaney *et al.*

Where the obligors in a replevy bond are notified that a motion will be made against them, for judgment, on the first day of the term, and it is not taken up or entered on that day, it will be erroneous to take it up on a subsequent day, unless the defendants appear voluntarily.

A replevy bond, in the case of a distress for rent, may be made payable either to the sheriff or the landlord; but if to the former, it must be assigned, in order to enable the landlord to sustain his motion for judgment under the statute.

IN ERROR from the circuit court of the county of Adams.

This was a motion in the court below for judgment against the obligors in a replevy bond.

Affidavit being made by Robert W. Wood, agent for John Chaney, that Joseph W. Phillips, plaintiff in error, was indebted to Chaney for house rent, in the sum of one hundred and twenty-five dollars and eighty-eight cents, and that the same was due and in arrears, an attachment was granted by a justice of the peace, and the same being placed in the hands of the sheriff and levied, the said Phillips, with his co-plaintiff in error, Samuel Gustin, replevied the same for three months, by giving bond, dated the 1st day of May, 1839. An unsuccessful motion having been made for judgment and execution on the bond at fall term, 1839, on the 19th March, 1840, a notice was given in substance as followeth: "*State of Mississippi, Adams county:*

"On attachment for rent, from the office of Louis Robertaille, Esq. a justice of the peace in and for said county, issued the 30th day of April, 1839, in a certain case wherein John Chaney is plaintiff and Joseph Phillips defendant, for the sum of one hundred and twenty-five dollars eighty-eight cents, and costs of suit. To the above named defendant and Samuel Gustin, his security

on replevin bond in the above case: Gentlemen, take notice that on the first day of the next term of the circuit court of said county, I shall move the court for judgment and execution against you on the replevin bond given in this case for the above stated amount and interest and costs thereon.    19th March, 1840.

Douglass C. Dunlap,<br>
Plaintiff's attorney."

Which was executed on the 21st and 30th March, 1840. The first step taken in court was on the 23d day of June, 1840, the last of the May term of the court which sat on the 4th Monday in May. The motion was for the first time made, upon which a *judgment* and execution were awarded against the plaintiffs in error for the amount of the bond, with interest and costs in the motion taxed at twenty-one dollars and sixty-six cents. The errors assigned question the correctness of this judgment.

SANDERS for plaintiff in error.

Inasmuch as it does not appear that said motion was entered on the first day of the May term, 1840, the circuit court had, no cognizance of the case. On that day the party was required to appear. Doing so, he found no steps taken against him; no motion made or entered, if prepared to make proof of payment or other defence, there was no proceeding against him to answer or plead to.

I yield, that when a motion is entered it may be continued from day to day, until the business of the court or its convenience may reach it. But the record shows that the first step taken in the case was on the 23d day of June, 1840, a time when the party plaintiff in error had no right to expect a proceeding against him.

In the case of Trabue &c. *v.* Tilford, 3 Marshall Ky. Rep. 142, it was decided, "A motion should be entered of record on the day of which the defendant has notice, and if it be so entered, it will be adjourned of course without an order, other than the adjournment of court; but if not so entered, it cannot be made on a subsequent day against one who does not appear."

In the second place, there was a judgment entered, as well as execution ordered, which I contend is erroneous, because it is not

required by the statute, and besides it subjects the party to additional unreasonable cost, taxed in this case at twenty-one dollars and sixty-six cents. The statute authorizes, "if the money shall not be paid according to the condition of the bond, it shall be lawful, and full power is given to the court having jurisdiction of the amount of such bond where the same shall be lodged, upon motion of the party to whom the same is payable, to award execution thereupon with costs, provided the defendants have ten days notice of such motion." How. & Hutch. 559. Surely it was never intended to give to the court the power of directing an execution on such bond, when it should be made to appear to the court that it had not been paid. The notice itself does not suggest that it had not been paid, nor does it describe the bond sufficiently.

The bond in this case is not taken in pursuance of the statute. It is made payable to Mark Izod, sheriff, not to the plaintiff in attachment. The condition of it is an anomaly. It is to pay to John Chaney or his agent, Robert W. Wood. The notice is given by an attorney, D. C. Dunlap; says "I will," &c. whether he means Mark Izod, sheriff, John Chaney, or Robert W. Wood, we are not advised. The record is entitled Robert W. Wood who sues for the use of John Chaney. This is a little affair, but it involves important questions, and deserves the consideration of the court. Should Mark Izod sue upon this bond, this judgment could not, according to any known rule of pleading, be plead in bar. I therefore contend that the judgment of the circuit court be reversed, with instructions to dismiss the motion.

FREEMAN for defendants.

One of the errors assigned is, that the agent of Chaney did not file his authority under seal to sign the attachment bond. The court will presume that such authority was exhibited to the justice of the peace, until the contrary is proven. See Lindner *v.* Aaron, 5 Howard, 581. In this case, however, the plaintiffs in error admitted the attachment bond to be good by giving a replevin bond, and therein agreeing to pay the cost of the attachment. The authority of the agent to make the attachment bond was not questioned in the court below. There was no judgment of the

Phillips *et al. v.* Chaney *et al.*

court below on that point, and consequently it cannot be reached on appeal to this court.

2. It is argued by counsel, that the motion was not entered on the first day of the May term, 1840. The record shows that the motion was filed with the clerk of the court, and a copy served more than ten days previous to the first day of the term to which the notice was returnable. All process is returnable the first day of the term, and cases are taken up in their order when reached on the docket. The fact on the record contradicts the argument of counsel. The Kentucky authority cited by counsel is not in point. In that case the defendant in the motion did not appear. In this case both parties appeared. See record.

3. It is contended that the court erred in awarding judgment and execution. It is difficult to conceive how an execution could issue without a previous judgment. The statute does not provide that the bond when forfeited shall have the force and effect of a judgment. This is admitted, by the second assignment of errors, by plaintiff's counsel. The award of execution authorized by statute is the judgment of the court. They are one and the same thing. The case in Walker's Rep. went off on a different point. If execution could issue on the forfeiture of the bond as in the case of forthcoming bonds, then there would be no necessity for a motion before the court to procure an execution.

4. It is contended by counsel that the replevin bond should have been made to the plaintiff in attachment, and not to the sheriff. The statute provides that the bond shall be given to the sheriff or other proper officer serving such distress. Who served this distress? The sheriff. The bond was given to him, and is therefore according to law. But if such were not the fact, they have no right to complain of their own bond.

5. It is contended that the notice was insufficient. The object of notice is, to bring the party into court. This object was attained. The party appeared and was heard on the merits of the motion.

Mr. Justice CLAYTON delivered the opinion of the court.

This was a motion upon a replevy bond taken upon a distress for rent, and judgment was rendered for the appellees in the court

Phillips *et al. v.* Chaney *et al.*

below. Several objections are taken to the correctness of the judgment, only two of which will be considered. The appellants were notified that the motion would be made against them on the first day of the approaching term of the circuit court of Adams county. The motion was not entered on that day, nor any step taken in the cause, until near the close of the court: and this it is urged is erroneous. Upon a notice that a motion will be made on a particular day, it cannot be made at a subsequent time, unless entered on the day named; and it is illegal to take it up on a succeeding day, if not so entered, unless the defendant appears. Trabue *v.* Tilford, 3 Marshall; Cheatham *v.* Howell, 6 Yerger; 1 Robinson's Practice, 590. In this case the defendant did appear by counsel and contest the motion. It is too late now to object to the form of the notice; appearance cures all defects in the process. 4 Haywood, 161; 6 Yerger, 85; 6 Com. Dig. 8.

The other objection is, that the replevy bond is made payable to the sheriff; that it has not been assigned by him, and the motion is made in the name of the landlord, who sued out the warrant of distress. This objection is fatal. The bond may properly be made payable to the sheriff, or to the landlord, as this court has decided; but if made payable to the former, the latter cannot maintain a motion upon it, unless it is assigned to him. Tooley *v.* Culbertson, 5 How. 267; Peck *v* Critchlow, ante, p. 243. The legal right is in the person to whom the bond is payable, and suit can only be brought in his name or that of his representative, unless by virtue of an assignment.

For this cause the judgment will be reversed.